Filed 1/5/16  P. v. Samad CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>     v.<br><br>ALAMIN SAMAD,<br><br>          Defendant and Appellant. | C078954<br><br>(Super. Ct. No. 98F04814) |

Following a traffic stop, defendant Alamin Samad was found in possession of at least two plastic baggies of methamphetamine, which he claimed were for his personal use.  (*People v. Samad* (Mar. 18, 2002, C035158) slip. opn. at p. 2.)  A jury convicted defendant of possessing and transporting methamphetamine (Health & Saf. Code, §§ 11377, subd. (a), 11379, subd. (a)) and sustained a prior strike and two prior prison term allegations.  (*Samad*, at p. 1; Pen. Code, §§ 1170.12, 667.5, subd. (b).)[1]  The trial court sentenced defendant to an aggregate prison term of 27 years to life.  (*Ibid*.)  Defendant appealed, and we affirmed his conviction in an unpublished opinion.  (*Ibid*.)

------

[1]  Undesignated statutory references are to the Penal Code.

In December 2014, defendant filed a petition for redesignation of both convictions as misdemeanors pursuant to section 1170.18. The trial court redesignated the possession count a misdemeanor but denied redesignation as to the transportation count. Since the original sentence on the possession count had been stayed pursuant to section 654, defendant's sentence was unchanged.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief, and has done so.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought by section 1170.18 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Kisling* (2015) 239 Cal.App.4th 288; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Cour*t (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

Defendant argues that the trial court should have designated his transportation conviction a misdemeanor and resentenced him following Proposition 47, as

2

transportation for personal use had been subsumed into the crime of possession of a controlled substance.

While the crime of transportation of methamphetamine now contains a requirement that the transportation be for the purpose of sale (see Health & Saf. Code, § 11379, subd. (c)), this was enacted by the Legislature (Stats. 2013, ch. 504, § 2) rather than through Proposition 47. It is not one of the crimes subject to the redesignation and resentencing procedure set forth in section 1170.18. (See § 1170.18, subd. (a).) Defendant's contention is therefore without merit.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court's order is affirmed.

                      HULL     , J.

We concur:

   NICHOLSON  , Acting P. J.

   DUARTE   , J.

3